UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTONIO SALDANA,

    Plaintiff,

vs.

CASE NO.:

JOHNSON'S TREE SERVICE AND
STUMP GRINDING, INC. a Florida
Profit Corporation; DAVID JOHNSON,
Individually; and DAYNA JOHNSON,
Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ANTONIO SALDANA, by and through undersigned counsel, files this Complaint against Defendants, JOHNSON'S TREE SERVICE AND STUMP GRINDING, INC., a Florida Profit Corporation ("JOHNSON'S TREE SERVICE"); DAVID JOHNSON, Individually; and DAYNA JOHNSON, Individually, (collectively "Defendants"), to recover for Defendants' retaliation against him for making claim to his overtime pay, as well as their failure to pay proper overtime as required by the Fair Labor Standards Act ("FLSA"), and states as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as this is a claim for unlawful retaliation and unpaid wages brought pursuant to the Fair Labor Standards Act, as

amended ("FLSA"), 29 U.S.C. §201, et seq., to recover unpaid overtime wages, an additional equal amount in liquidated damages, front pay, and compensatory damages; and to recover reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331 as these claims arise under 29 U.S.C. §216(b), 29 U.S.C. §215(a)(3) and 28 U.S.C. §§ 2201-2202.

3. Venue in this Court is proper, as the acts and omissions alleged in this Complaint took place in this judicial district, and Defendants regularly conduct business in this judicial district.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be, a resident of Lee County, Florida.

5. Plaintiff worked for JOHNSON'S TREE SERVICE in Lee County, Florida.

6. At all times material hereto, JOHNSON'S TREE SERVICE was, and continues to be, a Florida Profit Corporation engaged in business in Lee County, Florida

7. Based on the information and belief, at all times material hereto, Defendant DAVID JOHNSON is a resident of Lee County, Florida.

8. At all times material hereto, DAVID JOHNSON owned and operated JOHNSON'S TREE SERVICE.

9. At all times material hereto, DAVID JOHNSON regularly held and

2

exercised the authority to: (a) hire and fire employees of JOHNON'S TREE SERVICE; (b) determine the work schedules for the employees of JOHNSON'S TREE SERVICE; and (c) control the finances and operations of JOHNSON'S TREE SERVICE.

10. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of JOHNSON'S TREE SERVICE; (b) determine the work schedules for the employees of JOHNSON'S TREE SERVICE; and (c) control the finances and operations of JOHNSON'S TREE SERVICE, DAVID JOHNSON is an employer as defined by 29 U.S.C. 201 *et. seq*.

11. Further, at all times material hereto, DAVID JOHNSON was a manager for JOHNSON'S TREE SERVICE, acting in JOHNSON'S TREE SERVICE'S interest in directing the work of Plaintiff.

12. Upon information and belief, at all times material hereto, DAYNA JOHNSON was a resident of Lee County, Florida.

13. At all times material hereto, DAYNA JOHNSON was a Vice President Secretary at JOHNSON'S TREE SERVICE.

14. At all times material hereto, DAYNA JOHNSON regularly held and exercised the authority to: (a) hire and fire employees of JOHNSON'S TREE SERVICE; (b) determine the work schedules for the employees of JOHNSON'S TREE SERVICE; and (c) control the finances and operations of JOHNSON'S TREE SERVICE.

15. By virtue of having regularly held and exercised the authority to: (a) hire and fire employees of JOHNSON'S TREE SERVICE; (b) determine the work schedules for the employees of JOHNSON'S TREE SERVICE; and (c) control the finances and operations of JOHNSON'S TREE SERVICE, DAYNA JOHNSON is an employer as defined by 29 U.S.C. 201 *et. seq*.

16. Upon information and belief, DAYNA JOHNSON handled various aspects of running the day- to- day functions of Defendants' business, including but not limited to, payroll, directing the separation of payroll payments, and handling office functions.

17. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

18. At all times material hereto, Defendants were "employers" within the meaning of FLSA.

19. At all times material hereto, JOHNSON'S TREE SERVICE was, and continues to be, "an enterprise engaged in commerce," and an enterprise engaged in the "handling, selling, or otherwise working on goods and materials that have been moved in or produced for commence by any person" within the meaning of FLSA.

20. Based upon information and belief, the annual gross revenue of JOHNSON'S TREE SERVICE was in excess of $500,000.00 per annum during the three years preceding the date this Complaint is filed.

21. At all times material hereto, Defendant JOHNSON'S TREE SERVICE had two (2) or more employees handling, selling, or otherwise working on goods or

materials that had been moved in or produced for commerce, such as trucks, machines, gloves, computers and telephones.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to Defendants business.

## STATEMENT OF FACTS

23. JOHNSON'S TREE SERVICE is a tree and stump removal service company, which operates in Florida.

24. JOHNSON'S TREE SERVICE is owned and operated by DAVID JOHNSON.

25. JOHNSON'S TREE SERVICE is managed and operated by DAYNA JOHNSON.

26. DAVID JOHNSON was, at all times relevant to this action, Plaintiff's supervisor.

27. In March 2012, Plaintiff began working for Defendants as a non-exempt laborer. He worked for Defendants on and off until 2018.

28. From 2018 until the end of his employment, Plaintiff worked for Defendants steadily.

29. Plaintiff's work included operating the truck and mini-skids, trimming trees and hauling woodchips.

30. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

31. Despite working numerous overtime hours for Defendants, Plaintiff

was not paid an overtime premium for his overtime hours.

32. Defendants paid Plaintiff from two different accounts for his work, as one method of avoiding compensating Plaintiff for his overtime hours worked.

33. To the extent Defendant used this method to avoid payment, one company would issue Plaintiff a check for regular hours, and the second company would issue Plaintiff a check for overtime hours, but would pay those hours at the regular rate, with no overtime premium.

34. Defendants failed and/or refused to properly compensate Plaintiff, at a rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a single workweek.

35. Plaintiff should be compensated at the rate of one and one-half times his regular rate of pay for all hours that they worked in excess of forty (40) hours per workweek, as required by the FLSA.

36. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

37. Defendants have violated Title 29 U.S.C. §207 the term of Plaintiff's employment, in that:

    a. Plaintiff, worked in excess of forty (40) hours per week during his employment with Defendants; and

    b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff, at the statutory rate of one and one-half times his regular rate for all hours worked in

excess of forty (40) hours per workweek, as provided by the FLSA.

38. Defendants' failure and/or refusal to properly compensate Plaintiff at the rate and amount required by the FLSA was willful, because Defendants knew, or should have known with reasonable diligence, that they were required to pay overtime to Plaintiff, for hours over 40. This is evident because Defendants knowingly split overtime hours off of Plaintiff's regular check in certain weeks, and paid those hours through a separate payroll company.

39. Defendants willfully separated Plaintiff's pay, in order to avoid the proper compensation of overtime premiums.

40. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

41. Defendants were previously sued for alleged FLSA violations in this Court, in an action alleged as a collective action.

42. After the conclusion of the prior action, rather than making payments to employees for overtime hours paid at straight time, Defendants instead required all of their laborers to sign arbitration agreements, precluding them from pursuing a collective action, or from filing claims for overtime in court.

43. Plaintiff refused to sign the arbitration agreement, and refused to waive his right to bring this action in court.

44. Defendant terminated Plaintiff for his refusal to sign the arbitration agreement.

45. After Plaintiff was terminated, he retained counsel to pursue his rights to overtime compensation under the FLSA in Court.

46. In February 2021, through counsel, Plaintiff notified Defendants of his claim under the FLSA.

47. As the result of this communication, Defendants agreed to enter into a tolling agreement with Plaintiff related to his FLSA claims. A copy of this tolling agreement, with an effective date of February 2, 2021, is attached hereto as **Exhibit A**.

48. As of February 2, 2021, Plaintiff had still not been paid his last paycheck.

49. In early March 2021, Defendant David Johnson asked an employee named Jovani to text Plaintiff to come pick up his last check.

50. On or about March 9, 2021, Plaintiff went to pick up his check.

51. When Plaintiff arrived, David Johnson told Plaintiff that, in order for him to release Plaintiff's check, Plaintiff was required to sign a letter waiving and releasing Plaintiff's rights to sue Defendant under the FLSA.

52. Plaintiff refused to sign this document.

53. As a result of Plaintiff's refusal to waive his rights under the FLSA, Defendant David Johnson refused to give Plaintiff his check, and told Plaintiff to get off his property and that Mr. Johnson would punch Plaintiff if he didn't immediately get off his property.

54. Defendant Dayna Johnson came outside at that time, and said to Mr.

Johnson, in front of Plaintiff, loud enough so that Plaintiff could hear, and, upon information and belief, for the purpose of intimidating Plaintiff: "don't worry we have a gun."

55. As a result of this statement, Plaintiff is now worried about his safety. Plaintiff went to the police and attempted to file a police report, and continues to suffer the effects of fear for himself and his family due to Defendants' conduct following Plaintiff's complaint of Defendant's failure to follow the mandates of the FLSA, and his refusal to relinquish his rights under the FLSA.

56. Defendants still refuse to pay Plaintiff his last paycheck, in direct retaliation for Plaintiff refusing to relinquish his rights under the FLSA.

## COUNT I
## RETALIATION IN VIOLATION OF §215(a)(3)

57. Plaintiff realleges and incorporates paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. Defendants have discriminated and retaliated against Plaintiff because he indicated his imminent intent to file an action under the FLSA, because he demanded payment in accordance with his rights under the FLSA, because he made payment about Defendants' unlawful pay practices, in violation of 29 U.S.C. §215(a)(3).

59. Defendants' retaliatory and discriminatory conduct towards Plaintiff was willful as Defendants knew or should have known that its actions were in violation of 29 U.S.C. §215(a)(3).

60. As a direct and proximate result of Defendants' unlawful conduct,

Plaintiff has been damaged.

61. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff seeks a judgment for Plaintiff and against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION UNDER THE FLSA

62. Plaintiff re-alleges paragraphs 1 through 56 of the Complaint, as if fully set forth herein.

63. Throughout his employment, Plaintiff worked in excess of forty (40) hours in many workweeks.

64. Plaintiff was not compensated at the statutory rate of one and one-half times his regular rate of pay for all hours in excess of forty (40) worked in each workweek.

65. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

66. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by his failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for all hours

10

worked in excess of forty (40) hours per week when they knew, or reasonably should have known, that such was, and is, due.

67. Defendants knowingly paid Plaintiff using two separate payrolls as one method of circumventing properly paying overtime premiums to Plaintiff.

68. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

69. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours in multiple workweeks, plus liquidated damages.

70. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable as a matter of right.

Respectfully submitted this 27th day of April, 2021.

Respectfully submitted,

_____
Angeli Murthy, Esq., B.C.S.
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
8151 Peters Rd., Suite 4000
Plantation, FL 33324
Phone: (954) 327-5369
Fax:   (954)-327-3016
E-mail: amurthy@forthepeople.com
*Trial Counsel for Plaintiff*

11